UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKUBE WUROMONI NDOROMO,<br><br>    Plaintiff,<br><br> v.<br><br>MERRICK B. GARLAND,<br><br>    Defendant. | Case No. 23-cv-3000 (JMC) |

**MEMORANDUM OPINION**

  This is at least the fourth lawsuit that Plaintiff Akube Wuromoni Ndoromo has filed to challenge his 2007 criminal conviction and a related civil forfeiture action. He lost all those suits—at least one of them because the court found that he was barred from relitigating matters that had already been resolved. Ndoromo cannot continue to bring the same lawsuit over and over again. Like his prior cases, this case will also be dismissed. And with prejudice.

  **I. FACTUAL BACKGROUND**

  In 2006, Ndoromo was charged with 26 counts of healthcare fraud, making false statements, and money laundering. *See United States v. Akiuber Ndoromo James*, No. 06-cr-19-EGS (D.D.C.), ECF 3. His indictment included a forfeiture allegation identifying two cars and money as the proceeds from his alleged crimes. *Id.* at 13–15. In March 2007, a jury found Ndoromo guilty of one count of health care fraud, 11 counts of making false statements, and eight counts of money laundering. *Id.* at ECF 37. The jury's verdict included findings that the two cars and $1,856,812.71 were derived from Ndoromo's crimes. *See id.* at ECF 41.

  In 2008, the court sentenced Ndoromo to 57 months of incarceration and 36 months of supervised release, and ordered him to pay $1,856,812.71 in restitution. *James*, No. 06-cr-19-EGS

1

(D.D.C.), ECF 117 at 2–4. The court also ordered that Ndoromo forfeit the cars and money that the jury found were the proceeds of his illegal conduct. *Id.* at ECF 122, ECF 123. Ndoromo apparently did not appeal his criminal conviction, and the court dismissed a later habeas action as untimely. *Id.* at Feb. 2, 2012 Minute Order.

The Government also pursued forfeiture of the proceeds of Ndoromo's crimes in a separate, civil action, *United States v. $455,273.72*, No. 05-cv-356-EGS (D.D.C.). In 2011, the court granted summary judgment in favor of the Government, finding that Ndoromo's conviction was based upon the same facts as the forfeiture action. *Id.*, ECF 73 at 12–16. Ndoromo appealed the court's order, but the D.C. Circuit summarily affirmed it. *United States v. $455,273.72*, No. 11-5327 (D.C. Cir.), March 7, 2012 Order.

Several years ago, Ndoromo began filing civil suits demanding return of the property seized from him because of his criminal conviction. In 2018, Ndoromo filed suit in this district against then-Attorney General William Barr, among others, challenging the validity of the 2008 forfeiture order. He claimed that his property had been illegally seized, attacked the jury's verdict, and alleged that the Government's conduct somehow violated the False Claims Act. *See, e.g.*, *Ndoromo v. Barr* (*Ndoromo I*), No. 18-cv-2339 (CKK), 2019 WL 2781412 (D.D.C. July 2, 2019), *aff'd*, No. 19-5211, 2020 WL 873550 (D.C. Cir. Feb. 13, 2020). That court dismissed his case because it found that his complaint did not state any plausible claims for relief, including because he could not collaterally attack another court's forfeiture order or his guilty verdict through his civil action. *Id.* at *3–4.

Months after the court dismissed his case, in 2019, Ndoromo filed another lawsuit against Barr (and others) in the Superior Court of the District of Columbia, which was later removed to this district. *See Ndoromo v. Barr* (*Ndoromo II*), 486 F. Supp. 3d 388 (D.D.C. 2020). His complaint

raised the same claims that the court had dismissed in *Ndoromo I*—his property had been stolen from him, his conviction was invalid, and the Government violated the False Claims Act. *See Ndoromo II*, No. 19-cv-3781 (D.D.C.), ECF 1-1. Again, the court dismissed his case—not only because Ndoromo (again) failed to state any claims that entitled him to relief, but because the doctrine of res judicata precluded him from relitigating claims that had already been resolved on their merits. *Ndoromo II*, 486 F. Supp. 3d at 396–98. Ndoromo appealed, but the D.C. Circuit summarily affirmed the court's dismissal order. *Ndoromo v. Barr*, No. 20-5323, 2021 WL 2525717 (D.C. Cir. Aug. 16, 2021). In doing so, the D.C. Circuit found that the district court "correctly concluded that Appellant's claims are barred by claim preclusion because they were or could have been raised in appellant's prior case, [*Ndoromo I*]." *Id.* at *1.

Despite the orders dismissing his case, Ndoromo filed another lawsuit against Attorney General Merrick Garland in the Superior Court of the District of Columbia in 2023. Ndoromo's complaint again raised claims about his conviction, his confinement, and the seizure of the property taken from him because of his criminal conduct. Specifically, his complaint challenged the following: "(a) Removable of Seven Bank Accounts from two Banks; Bank of America and City Bank in Wash. DC. NW. Dec. 21/22, 2004[;] (b) Seizing properties; vehicles, documents and business disks using illegal warrants in Washington DC. NW. Dec. 22, 2004[1][;] (c) Shutting down small business of 8 plus people in Washington DC. NW. December 22, 2004; (d) Kidnapping owner holding him in confinement for 4yrs and 3months in Washington DC, Jail, and NY, MDC Broklyn[;] (e) All the above terrorism or corruption happened in Dec. 21/22, 2004 and March 30, 2007, the kidnapping."[2] *See* Compl., *Ndoromo v. Garland* (*Ndoromo III*), 2023-CAB-3125 (D.C.

---

[1] According to court documents, some property that was ultimately the subject of the Court's forfeiture order was seized from Ndoromo in 2004. *$455,273.72*, No. 05-cv-356, ECF 52 ¶¶ 14–15 (D.D.C. Apr. 21, 2009).
[2] Typos in quotes from Ndoromo's complaints are unmodified from the original complaints.

3

Super. Ct. May 30, 2023). The Superior Court found that Ndoromo's claims fell outside the applicable statute of limitations for his causes of action and thus dismissed his case. Order Dismissing Case, *Ndoromo III* (D.C. Super. Ct. Aug. 31, 2023).

Two weeks after the Superior Court dismissed his third lawsuit, Ndoromo filed another suit against the same Defendant, raising the same claims, in the same court. Defendant removed the case to this Court, and it is the instant suit. *See* ECF 1. The complaint before this Court is just about identical to the one that the Superior Court dismissed in *Ndoromo III*; it appears that he cut and pasted, with a few wording changes, the same allegations that the Superior Court judge found were time barred. His suit again raises: "(a) Removable of Seven(7) Bank Accounts from two(2) Banks: Bank of America and City BankDec. 21/22/2004[;] (b) Seizing properties: Vehicles, documents and business disks using illegally warrants in Washington DC. Dec. 22, 2004[;] (c) Shutting down small business of Eight(8) plus people in Washington D.C. Dec. 22, 2004[;] (d) Kidnapping owner holding him in confinement for Four(4)yrs and Three(3) Months DC, Jail and NY MDC Broklyn[;] (e) The complaint to stop the terrorism against 'We the people' is still going on[;] (f) The fake criminal case is lost infront of Jury so the Government must return their terror seized." ECF 1-1 at 2.

Defendant moved to dismiss Ndoromo's complaint. ECF 9. The Court then issued an order directing Ndoromo to submit his response to Defendant's motion and warning him that his failure to respond could result in the Court treating the motion as conceded and disposing of his case. ECF 10. That order, however, contained a typographical error[3] that the Court corrected by rescinding it, issuing a new order advising Ndoromo of his obligation to respond to the motion to dismiss, and extending Ndoromo's deadline to file his response. ECF 21. For reasons that the Court does

---

[3] The Court's order identified Ndoromo by the wrong name.

not understand, Ndoromo has continued to file pleadings complaining about the order that the Court has since told Ndoromo he should disregard, *see* ECFs 22, 23, 24, but has not otherwise responded to Defendant's motion to dismiss. Ndoromo also filed a motion to remand this case to the Superior Court. ECF 24.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Res judicata is an affirmative defense that can be raised in a Rule 12(b)(6) motion "where [it] can either be established from the face of the complaint, matters fairly incorporated within it, and matters susceptible to judicial notice" such as court records. *Lewis v. Drug Enf't Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011), *aff'd*, No. 11-5152, 2012 WL 1155698 (D.C. Cir. Mar. 8, 2012).

## III. ANALYSIS

Defendant has moved to dismiss Ndoromo's complaint on many grounds, including that his claims are precluded because they have already been raised and resolved in prior lawsuits. The Court agrees.

A lawsuit is barred under the doctrine of res judicata if there has been prior litigation "(1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Natural Res. Def. Council v. EPA*, 513 F.3d 257, 260–61 (D.C. Cir. 2008) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)). Res judicata precludes this suit. At least three times before this case, Ndoromo filed complaints almost identical to the one before this Court attempting to challenge his conviction and the forfeiture of property that he obtained through fraud.

He has brought each of his suits against the Attorney General. And courts of competent jurisdiction in the district in which he was convicted and his property was seized—both federal and local—have already considered his claims and rejected them in well-reasoned decisions. *See Ndoromo I*, No. 18-cv-2339, 2019 WL 2781412 (D.D.C. July 2, 2019); *Ndoromo II,* 486 F. Supp. 3d 388 (D.D.C. 2020), *aff'd.,* No. 20-5323, 2021 WL 2525717 (D.C. Cir. May 17, 2021); ECF 3-1 (*Ndoromo III* dismissal order). These prior orders informed Ndoromo that he cannot collaterally attack his conviction and a prior forfeiture order in his civil suit, *Ndoromo I*, 2019 WL 278142, at *3–4, that he brought his claims too late, ECF 3-1 at 3–4, and that he cannot relitigate the same claims that have already been dismissed, *Ndoromo II*, 486 F. Supp. 3d at 396–98. Indeed, the D.C. Circuit affirmed the *Ndoromo II* court's prior dismissal of his case on res judicata grounds. *Ndoromo v. Barr*, No. 20-5323, 2021 WL 2525717 (D.C. Cir. Aug. 16, 2021). There is nothing in the operative complaint that Ndoromo did not raise in prior lawsuits or that he could not have raised in those actions. And Ndoromo does not dispute this in any of the pleadings he has filed in this case. So, his case is dismissed.

    The Court's dismissal of this case is with prejudice. Dismissal with prejudice is warranted when the court "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). The Court makes that finding here. There is no amendment Ndoromo can make to his complaint that changes the fact that courts have already resolved these claims. The Court will not permit him to file this case again.

*  *  *

    Accordingly, Defendant's motion to dismiss, ECF 9, is **GRANTED** and this case is **DISMISSED** with prejudice. Ndoromo's motion to remand this case to the Superior Court of the

District of Columbia, ECF 24, is **DENIED** as moot. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: October 17, 2024